GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By:    DANIEL G. NESSIM
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2486

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x
                                     :
UNITED STATES OF AMERICA             :
                                     :    **VERIFIED COMPLAINT**
                                     :    **FOR FORFEITURE**
                                     :
       v.                            :
                                     :
                                     :    20 Civ. _____
                                     :
$141,680.00 IN UNITED STATES CURRENCY,:
                                     :
               Defendant-*in-rem*.   :
                                     :
------------------------------------ x

       Plaintiff United States of America, by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, for its verified complaint alleges, upon information and belief, as follows:

## JURISDICTION AND VENUE

       1.     This is a civil action in rem commenced by the United States of America pursuant to Title 21, United States Code, Section 881 seeking the forfeiture of $141,680.00 in United States currency seized on or about July 12, 2008 ("Defendant-*in-rem*" or "Defendant Currency").

       2.     This Court has jurisdiction pursuant to Title 28, United States Code, Sections 1345 and 1355.

1

3. Venue is proper under Title 28, United States Code, Section 1355(b)(1)(A) because acts and omissions giving rise to forfeiture took place in the Southern District of New York.

4. The Defendant Currency is presently in the custody of the United States Marshals Service ("USMS").

## PROBABLE CAUSE FOR FORFEITURE

Background to the Investigation

5. Since in or about June 2019, a New York drug enforcement task force (the "Task Force") has been involved in an investigation (the "Investigation") into a drug trafficking organization that is distributing large quantities of narcotics, including but not limited to cocaine, and that operates in New York, including the Southern District of New York, and elsewhere (the "DTO").

6. The Investigation identified Claudio Rodriguez ("Rodriguez") as a member of the DTO that sells narcotics for the DTO. On or about October 21, 2019, the Government filed a three-count criminal complaint in the United States District Court, Southern District of New York, *United States* v. *Claudio Rodriguez*, 19 MJ 9591(the "Complaint"), charging Rodriguez with, *inter alia*, conspiracy to distribute narcotics, in violation of Title 21, United States Code, Section 846. A copy of the Complaint is attached hereto as Exhibit A.

7. In the course of the investigation, in or about July 2019, through surveillance and other investigative methods the Task Force learned of a location in the vicinity of 5060 Broadway, New York, New York (the "Subject Location") that was being used by the DTO to sell kilogram quantities of cocaine to various buyers associated with a violent transnational criminal enterprise organization.

8. In or about July 2019, through surveillance and other investigative methods, the Task Force learned that Rodriguez had agreed to sell five (5) kilograms of cocaine to another individual ("Individual-1") for $28,000 per kilogram for a total of $140,000 and that the drug sale was arranged to occur on July 12, 2019 at the Subject Location.

9. On July 12, 2019, the Task Force initiated surveillance in the vicinity of Subject Location. That evening, Individual-1 and two other individuals ("Individual-2" and "Individual-3" came to the Subject Location in two vehicles: one driven by Individual-1, and another (the "Vehicle") driven by Individual-2. After waiting for approximately 30 minutes, both vehicles left the scene.

10. After it departed the vicinity of the Subject Location, the Task Force conducted a vehicle stop of the Vehicle on the Henry Hudson Parkway southbound near Exit 14. At the time of the stop, Vehicle was being driven by Individual-2 and Individual-3 was seated in the front passenger seat.

11. Following the traffic stop, at approximately 7:45 p.m., a Port Authority of New York and New Jersey Police Department K-9 Officer and K-9 "Balu" was contacted and arrived at the scene. Balu, a canine trained to detect the presence of narcotics[1], gave a positive alert for the presence of the odor of narcotics in the front passenger area of the Vehicle.

---

[1] Balu is certified as a narcotics detection canine after completing a Port of Authority of New York and New Jersey Police K-9 training course in the detection of the odors of marijuana, cocaine, crack, heroin, hashish, MDMA, and crystal methamphetamine on June 2018. Since that time, Balu has received numerous hours of training and is utilized regularly for the purpose of detecting narcotic odors. Balu has been involved in search warrants and has made numerous positive identifications. Balu is routinely used to conduct searches of automobiles, residences, packages and suitcases. Balu has successfully given positive indications of narcotics in the field in the past and generally has proven reliable in the field.

12.     Following the positive alert, the Task Force located an electronically activated concealed compartment, often referred to as a "trap", located in the center console.

13.     Individual-2 voluntarily opened the trap and the Task Force located the Defendant Currency inside the center console.[2]  The total value of the Defendant Currency – $141,680 – closely approximated the $140,000 the Task Force had learned was to be paid in the narcotics transaction described in Paragraph 5 above.

14.     A criminal history search of Individual-2 revealed that he was previously arrested and convicted of conspiracy to distribute cocaine in violation of Title 21, United States Code, Section 846 in 2001 and was sentenced to 200 months incarceration.

15.     As a result of the above, law enforcement seized the Defendant Currency as narcotics proceeds.

## CLAIM FOR FORFEITURE

16.     Incorporated herein are the allegations contained in paragraphs one through fifteen of this Complaint.

17.     Title 21, United States Code, Section 881(a)(6) subjects to forfeiture all "moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of [Subchapter I of Title 21], all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of [Subchapter I of Title 21]."

---

[2] The Defendant Currency consisted of 168 hundred-dollar bills; 86 fifty-dollar bills, 5,936 twenty-dollar bills; 107 ten-dollar bills, and 158 five-dollar bills, and was was packed and stored in a manner that is consistent with the packaging of narcotic proceeds

18. The Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because there is probable cause to believe that the Defendant Currency constitutes moneys furnished or intended to be furnished any person in exchange for a controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846.

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant Currency and that all persons having an interest in the Defendant Currency be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant Currency to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated:  New York, New York
        April 8, 2020

                GEOFFREY S. BERMAN
                United States Attorney for the
                Southern District of New York
                Attorney for the Plaintiff
                United States of America

By: _____
    DANIEL G. NESSIM
    Assistant United States Attorney
    One St. Andrew' Plaza
    New York, New York 10007
    Tel. (212) 637-2486

VERIFICATION

STATE OF NEW YORK              )
COUNTY OF NEW YORK             :
SOUTHERN DISTRICT OF NEW YORK  )

CHRISTINA GARCIA, being duly sworn, deposes and says that he is a Special Agent with the Drug Enforcement Administration ("DEA"), and as such has responsibility for the within action; that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his own knowledge, information and belief.

The sources of deponent's information and the ground of his belief are conversations with other law enforcement officers and others, official records and files of DEA and the United States Government, and information obtained directly or indirectly by deponent during an investigation of alleged violations of Titles 18 and 21, United States Code.

_____
Christian Garcia
Special Agent
Drug Enforcement Administration